```
                                          ┌─────────────────────────┐
                                          │          FILED          │
                                          │ COURT OF COMMON PLEAS   │
                                          │                         │
                                          │      JUN 1 4 2018       │
                                          │                         │
                                          │ JILL FANKHAUSER, Clerk  │
                                          │  PORTAGE COUNTY, OH     │
                                          └─────────────────────────┘
```

**IN THE COURT OF COMMON PLEAS**
**PORTAGE COUNTY, OHIO**

| | |
|---|---|
| **JUDITH RUBES**<br>**8982A Highway 53**<br>**Toney, Alabama 35773** | CASE NO.<br>**2018 CV 00490** |
| **Plaintiff,** | JUDGE: |
| **v.** | **JUDGE BECKY L. DOHERTY** |
| **BEN VECCHIO,**<br>**TYLER LOHR,**<br>**CHRIS COY**<br>c/o Ravenna Police Department<br>220 Park Way<br>Ravenna, Ohio 44266 | **COMPLAINT AND JURY DEMAND** |
| **Individually and in their Official**<br>**Capacities as Employees of the City of**<br>**Ravenna, Ohio,** | |
| **And** | |
| **JOHN DOES 1-10,**<br>c/o Ravenna Police Department<br>220 Park Way<br>Ravenna, Ohio 44266 | |
| **Defendants.** | |

## I.    PRELIMINARY STATEMENT

1. Police officers cannot use force on individuals who do not pose a threat to the safety

   of officers or the public.  The Sixth Circuit has long recognized that when force is

   used in this context, it is gratuitous, excessive, and objectively unreasonable. This

   case challenges one such instance of gratuitous force used against Judith Rubes, a

1

grandmother. The case also challenges the failure to supervise Ravenna police officers who use excessive force and/or inadequately report the use of force. Although Judith Rubes posed no serious threat, on June 15, 2017, Officer Ben Vecchio took Judith Rubes to the ground, put her arm in a lock, and applied all of his body weight on top of her, keeping her in a locked position on the ground for several minutes. All the while, Judith begged and pleaded with Office Vecchio to let her go, as he was seriously hurting her arm. Officer Vecchio refused to get off of Judith, or to lighten his grip on her. None of the other officers present helped Judith by getting Office Vecchio off of her. Not one of the officers present reported this excessive use of force or that Judith was wailing in pain. Judith Rubes suffered severe fractures to her arm, requiring lengthy painful surgery and resulting in permanent injuries and disability. Judith Rubes brings this case seeking fair compensation and to deter future abuses by Ravenna police officers.

## II.     **PARTIES**

2.  Plaintiff Judith Rubes is and was at all times relevant a resident of the State of Alabama, but was visiting Ravenna, Ohio at the time of the incident complained of in this Complaint.

3.  Defendant Ben Vecchio was at all times relevant to this action a police officer employed by the Ravenna Police Department. Defendant is sued both in his individual and official capacities.

2

4. Defendant Chris Coy was at all times relevant to this action a police officer employed by the Ravenna Police Department.  Defendant is sued both in his individual and official capacities.

5. Defendant Tyler Lohr was at all times relevant to this action a police officer employed by the Ravenna Police Department.  Defendant is sued both in his individual and official capacities.

6. Defendant City of Ravenna is a municipality organized under the laws of the State of Ohio.

7. When the term "Officer Defendants" is used in this Complaint, it refers to any City of Ravenna Police Department officers who were present at Judith's apprehension site when force was used on her, including Defendants Vecchio, Coy and Lohr, and any John Does.  As set out below, Officer Defendants used excessive force on Judith and/or failed to stop other Officer Defendants from using excessive force on Judith.

8. When the term "Supervisor Defendants" is used in this Complaint, it refers to any supervisory officials who were responsible for training, supervision, and investigation of use of force by Ravenna Police Officers prior to June 15, 2017, including the use of force by officers on that date.

### III.  **FACTS**

9. Judith Rubes ("Judith") is a 52-year old mother and grandmother.

10. Judith receives Medicare benefits as she is on permanent disability related to severe asthma.

11. Judith lives in Alabama, where she is attending college in an attempt to obtain her bachelor's degree.

12. Judith has three children, including one adult son, David. David is married to Kim and together the two have 3 minor children. David, Kim, and their family live in Ravenna, Ohio.

13. On June 14, 2017, David and Kim's 22-month old daughter, Karli, ran out into the street in front of the family's home and was struck by a passing van. Later that same day, Karli tragically died from her injuries.

14. Upon hearing the news of her granddaughter's untimely death, Judith immediately traveled to Ohio to be with the family.

15. Karli's funeral took place on June 15, 2017. The entire family was shocked and grieving when later that evening, upon arriving home and finding cars speeding down the street where his daughter was killed, Judith's son, David (Karli's father), ran into the street and began screaming at speeding cars to slow down. David was distraught and crying from having just lost his baby.

16. In an effort to protect her son, Judith attempted, unsuccessfully, to control David and bring him into the house. At no time did David inflict harm upon his mother, nor did she fear imminent harm from David. However, neighbors called police about the noise.

17. When police arrived, they apprehended David and held Judith back from attempting to reach her son. When Judith tried to push past officers to get to her son, Officer

4

Vecchio tripped Judith and threw her to the ground, where he put her in an arm lock and kneeled on top of her for several minutes.

18. Officer Vecchio admittedly "grabbed Judith's left arm…placed it in an arm bar, and took Judith to the ground…." According to Officer Vecchio, Judith was "kept on the ground and stabilized so I could keep control of her while also observing the rest of the scene." (Exhibit A, Vecchio Investigative Report Supplement). Officer Vecchio also acknowledged that "Judith began complaining her right arm was hurting as she lay on the ground…" (Exhibit A, Vecchio Investigative Report Supplement). Officer Vecchio told Judith that he was doing it for her own protection. Officer Vecchio continued to sit upon and apply excessive pressure to Judith's arm and did not release her until other officers arrived. At that time, Judith was charged with Obstructing Official Business. (Exhibit A, Vecchio Investigative Report Supplement).

19. Office Lohr, also present at the scene, confirmed that "Ptl. Vecchio took Judith down to the ground and secured her on the ground." (Exhibit A, Lohr's Investigative Report Supplement). Officer Lohr did nothing to help Judith or to stop Officer Vecchio.

20. Officer Chris Coy, also present at the scene, confirmed that Ptl. Vecchio took Judith to the ground. (Exhibit A, Coy's Investigative Report Supplement). Officer Coy did nothing to help Judith or to stop Officer Vecchio.

21. Judith was unarmed and posed no threat to officers or anyone else.

22. Although David never hurt Judith, nor did Judith ever fear imminent harm from David, Ptl. Vecchio arrested David for domestic violence against his mother, Judith.

5

23. None of the Defendants present intervened to stop Officer Vecchio from severely injuring Judith, despite having the responsibility and opportunity, and being in the position to stop the excessive force.

24. Each of the Defendants had reason to believe that Judith's injuries were due to unnecessary and excessive force used by certain officers. None of them reported that Judith was the victim of excessive force.

25. Judith's injuries were so severe, that she had to be transported by ambulance to University Hospitals in Ravenna to receive treatment, including surgery to repair a badly fractured humerus. The surgery, an open reduction and internal fixation, involved placing two steel plates and twelve screws into Judith's arm. Judith's recovery was long and required 6 months of physical therapy post-surgery. Judith is permanently disabled as a result of Officer Vecchio's use of excessive force upon her, and will never be able to fully extend her arm.

26. On information and belief, none of the Defendants filled out a use of force report, required a use of force report to be filled out, or otherwise reported that Judith had been badly injured by Ravenna police officers.

27. The fact that the Defendants, who were aware that excessive force was used, believed that they could fail to report such force, shows agreement among them that force could be used anonymously and with impunity, and that no officer would step forward and admit that such conduct had occurred.

28. At all times relevant to this case, Defendants have, individually and through the custom, policy or practice of the City of Ravenna, acted negligently, recklessly,

6

knowingly, maliciously, purposefully and with deliberate indifference to Judith's rights.

29. John Does 1-10 are officers and supervisors of the Ravenna Police Department that participated in using excessive force on Judith, failed to protect Judith, covered up the excessive force used on Judith, and failed to supervise the other officers.

30. The Defendants and the Doe Defendatns have acted by agreement and in concert with the purpose of covering up the use of force on Judith and denying her redress and access to courts to secure a remedy for her injuries.

31. On information and belief, the City of Ravenna has not disciplined any of the Defendants for the conduct set out in this Complaint. The City of Ravenna has ratified the conduct of the Defendants set out in this Complaint.

32. A policy, custom, and practice of using excessive force on arrestees and even non-arrestees by police officers employed by Defendant City of Ravenna was a moving force behind the constitutional violations suffered by the Plaintiff.

33. The failure to adequately train has long been a pattern and practice of the Ravenna Police Department and the Municipality.

34. On information and belief, the Defendants did not follow any of the Ravenna Police Department's policies regarding the investigation and reporting of the use of force by Ravenna Police officers.

35. The training and supervision provided by the City of Ravenna to the Defendants who used force on or who failed to protect Judith from the use of force in this case was

7

inadequate to protect citizens at risk of arrest by officers using excessive force, including Judith.

36. This inadequate training, supervision and investigation is a proximate cause of the use of force used on Judith.

37. The Defendants negligently supervised and retained the Officer's involved, by acting negligently, recklessly, willfully, wantonly, and maliciously with respect to their duty to supervise officers who use force on citizens: The practice of negligent supervision and retention made the excessive and gratuitous force used on Judith foreseeable and it was a proximate cause of said excessive force. The Defendants were aware or should have been aware of the use of excessive force by Defendants Vecchio, Lohr and Coy, and the failure to accurately report the use of force.

38. The excessive use of force and failure to report it is potentially criminal conduct, and is tortious and otherwise dangerous to those individuals who come into contact with Defendants.

39. Judith suffered serious injuries that have required extensive medical treatment. The use of force and decision not to intervene by Defendants present at the scene caused severe pain, physical injuries, and emotional distress. Her pain and suffering have been intense. Judith's injuries are permanent and will require additional medical care causing Judith additional expense.

40. Defendants' actions described above directly and proximately caused these injuries to Judith.

8

## IV.    FIRST CAUSE OF ACTION

## CLAIM FOR EXCESSIVE FORCE (42 U.S.C. §1983)

41. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint as if fully restated herein.

42. Defendants have, under color of law, deprived Judith of rights, privileges, and immunities secured to her by the Fourteenth Amendment to the United States Constitution, including the prohibition on unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, by either using excessive force directly on Judith causing her injuries or by engaging in a custom, policy or practice of using excessive force on citizens and/or ratifying the use of excessive force and/or failing to supervise or discipline those who use excessive force on citizens which was a proximate cause of the force used on Judith.

## V.    SECOND CAUSE OF ACTION

## CLAIM FOR DENIAL OF ACCESS TO COURTS (42 U.S.C. §1983)

43. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint as if fully restated herein.

44. Defendants have, under color of law, engaged in a cover-up of information about the violations to Plaintiff's rights, denying her meaningful redress in the courts. This right is protected b y the Due Process Clause of the Fourteenth Amendment.

9

## VI.    THIRD CAUSE OF ACTION

### CLAIM FOR CIVIL CONSPIRACY UNDER 42 U.S.C. §1983

45.    Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint as if fully restated herein.

46.    Defendants, through concerted action, by plan, and with a conspiratorial objective have and continue to deprive Plaintiff of her constitutional rights.  Overt acts by Defendants include any communications which implied that Officers did not use excessive force on Judith and continuing failures to disclose or report the use of force on Judith.

## VII.    FOURTH CAUSE OF ACTION

### CLAIM FOR CIVIL CONSPIRACY UNDER OHIO LAW

47. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint as if fully restated herein.

48. The Defendants who used force and/or know who used force on Judith are engaged in a conspiracy under Ohio law.  They have acted maliciously and in concert to injure Judith's person and property. The actions of Defendants have resulted in actual damages to Judith by frustrating and delaying this legal action.

## VIII.  FIFTH CAUSE OF ACTION

### ASSAULT AND BATTERY

49. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint as if fully restated herein.

50. The Defendants intentionally and maliciously applied and threatened to apply unlawful and unnecessary force against Judith.

## IX.  SIXTH CAUSE OF ACTION

### NEGLIGENT RETENTION AND SUPERVISION

51. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint as if fully restated herein.

52. The Supervisor Defendants negligently supervised and retained the Officer Defendants when the Supervisor Defendants permitted excessive force, and inaccurate and incomplete use of force reporting, without discipline or correction.

53. Judith's injuries were proximately caused by the Supervisor Defendants' negligent retention and supervision of the Officer Defendants.

### JURY DEMAND

54. Plaintiff hereby requests a jury trial on all claims triable to a jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court award her:

A. Compensatory damages in an amount to be shown at trial;

11

B. Punitive damages against Defendants (except the City of Ravenna) in an amount to
be shown at trial;

C. Costs incurred in this action and reasonable attorneys' fees under 42 U.S.C. §1988;

D. Prejudgment interest; and

E. Such other and further relief as this Court may deem just and proper.


Respectfully submitted,

Roni R. Sokol (0081329)
THE SOKOL LAW FIRM, LLC
3659 Green Rd., Suite 325
Beachwood, Ohio 44122
PH: (216) 830-5115 | FX: (440) 815-2420
*Attorney for Plaintiff JUDITH RUBES*


David B. Malik (0023763)
8437 Mayfield Rd., Suite 103
Chesterland, OH 44026
(440) 729-8260
(440) 729-8262 fax
Dbm50@sbcglobal.net
*Attorney for Plaintiff JUDITH RUBES*

12

**EXHIBIT A**

# Investigative Report Supplement

Date: 06/16/2017        Reporting Officer: 421 Ben Vecchio        INC#: 2171660056        CFS#: 2171660056

Supplement Title:   INITIAL REPORT

While on station, myself, Ptl. Lohr #438, and Ptl. Coy #434, were dispatched to the listed area for the report of a fight between several subjects.  Upon arrival, I saw several individuals on the sidewalk, in front of 1209 S. Diamond St.  Two of the individuals, later identified as David R. Rubes, and his mother, Judith A. Rubes, appeared to be heatedly arguing and walking very close to each other, southbound on the sidewalk on east side of S. Diamond St.  Several other individuals, later identified as Crystal M. Rubes, Kevin A. Funk, Richard I. Godfrey, and Kim D. O'Neal, were also at the scene.  All were friend or family members in relation to CFS 2171650017.

Ptl. Coy and Ptl. Lohr exited their patrol cars ahead of me, and began approaching Judith and David because they appeared to be the most combative subjects.  As we approached David and Judith, it appeared Judith attempted to hug, or otherwise grab David.  David responded by violently pushing and flailing his arms in a slapping motion at Judith, striking her several times with his arms.  Ptl. Coy yelled several times at Judith and David to stop fighting, however, they refused to comply.  Because David continued hitting Judith, he was grabbed by Ptl. Coy in an attempt to separate him from her.  David immediately pulled away from Ptl. Coy, then turned and pushed Ptl. Coy.

At this point, Ptl. Coy and Ptl. Lohr took David to the ground (See Ptl. Coy and Ptl. Lohr's statements to this report).  As they did, Judith began yelling and screaming at Ptl. Coy and Ptl. Lohr to let her son up and leave him alone.  As Judith began yelling at Ptl. Coy and Ptl. Lohr, she began walking towards them while they were occupied with getting David under control.  I stepped in front of Judith and asked her to step away and step back so I could speak with her.  Judith attempted several times to push past me to get to David while continuing to yell and scream for officers to let him go.  As Judith yelled and screamed, I could smell the strong odor of an alcoholic beverage on her breath.  Judith began pushing and shoving me in the chest, still trying to get past me in an attempt to get at David and Ptl. Coy and Ptl. Lohr.

At this point, I grabbed Judith's left arm when it shoved me, placed it in an arm bar, and took Judith to the ground in order to gain control of her.  Judith was kept on the ground and stabilized so I could keep control of her while also observing the rest of the scene.  Seeing Judith and David on the ground now caused the rest of the group to begin yelling and screaming at us, and begin approaching our locations.  Fearing the scene was beginning to get more out of hand, I asked for anyone from midnight shift who may have been at the motor pool to respond to the scene for assistance.  I then ordered Ptl. Coy and Ptl. Lohr to place David in handcuffs on the listed charge, and place him in the back of a patrol car to be contained.  Ptl. Lohr placed David in the back of patrol car P5 then he and Ptl. Coy began attempting to speak with Crystal, Kevin, Richard, and Kim.  Judith began complaining her right arm was hurting as she lay on the ground, therefore, I remained with her and called for a Ravenna FD squad to respond to the scene.

As Ptl. Coy and Ptl. Lohr were continuing to get all remaining individuals in the group to calm down, Kim began yelling and screaming to release her "husband" (David) because they had just lost their daughter.  As time went on, Kim's anger and acting out escalated, causing David to yell as he sat in P5.  At this point, several thuds were heard coming from P5, and, although I could not see David, it sounded as though he was hitting his head on either the rear car door window, or on the center divider.  Because the scene was slowly beginning to again escalate out of control, I ordered Ptl. Lohr to take David directly to the Portage County Jail.  Kim heard me give this order and

began walking out into S. Diamond St., toward P5, as she yelled we were not taking David to jail. Kim continued to yell, scream, and berate myself, Ptl. Coy, and Ptl. Lohr, as Ptl. Coy attempted to get Kim to calm her down

When Ptl. Lohr left the scene with David, I asked Judith what was the cause of this incident. Judith said, earlier in the evening, "they" had been out to eat and had been drinking. When they returned home to David's residence at 1217 S. Diamond St., David became upset over the recent death of his daughter and began acting out, yelling and screaming. Judith said she was attempting to calm David down when we arrived. As I was speaking with Judith, Richard Haas, the neighbor at 1205 S. Diamond St. came over to me and advised he saw the incident occur and was willing to provide a written statement. Ptl. A. Wert spoke with Richard and procured from him, a written statement (See Ptl. A. Wert's supplement to this report).

As I was speaking with Judith, Ptl. Wilmington, Ptl. Waldeck, Ptl. A. Wert, and Ptl. Staple arrived at the scene, along with the Ravenna FD. As the FD was tending to Judith, I informed Ptl. Wilmington of what had occurred. Also, as I was speaking with Judith, Richard Haas, the neighbor at 1205 S. Diamond St. came over to me and advised he saw the incident occur and was willing to provide a written statement. Ptl. A. Wert spoke with Richard and procured from him, a written statement (See Ptl. A. Wert's supplement to this report).

After informing Ptl. Wilmington about the incident, I spoke with Crystal, Kevin, and Richard in an attempt to find out the cause which led to the result of this call. Crystal, like Judith, said they had been out to eat, and had just returned home. Crystal said others had been drinking, however, she had not. Crystal stated when they pulled in the driveway, David became upset and uncontrollable over the death of his daughter. Crystal said David walked into the middle of S. Diamond St., raised his hands up into the air, and began blindly walking northbound, in the center of the street. Crystal stated David cried "Why? Why?" as he walked, uncaring of whether or not he was hit by a car. Crystal said they were eventually able to pull David from the roadway, when myself, Ptl. Coy, and Ptl. Lohr arrived. Crystal also said she believed it may have been a passer-by in a vehicle who called RPD because David was walking in the middle of the street.

Crystal, Kevin, Richard, and Kim returned to the residence at 1217 S. Diamond St. Before she left with the RFD squad, Judith was advised she was being charged with Obstructing Official Business and would be receiving a summons in the mail regarding a court date. Judith stated she understood. Charges regarding the listed offense were taken to the Portage County Jail for David.

| | | | | |
|---|---|---|---|---|
| **Reporting Officer:** | _P. L_ #612 | | **Date:** | 6/16/17 |
| **Supervisor:** | | | **Date:** | |
| **Report Entered By:** | | | **Date:** | |
| **Final Approval:** | _C A Delinger_ #418 | | **Date:** | 6/16/17 |

# Ravenna City
# Police Department

Ravenna City
Police Department
220 Park Way
Ravenna, OH 44266
Phone: (330)296-6486
Fax:   (330)296-4561

## Investigative Report Supplement

Date 06/15/2017    Reporting Officer    438    Tyler    Lohr    Incident #   2171660056

Call Type DOMESTIC

On 06/15/2017 officers were dispatched to 1213 S. Diamond St. for a fight in the front yard. Upon arrival I observed a male and female walking down S. Diamond St. yelling back and forth. As Ptl. Coy, Ptl. Vecchio and myself approached the subjects. The male David Rubes started aggressively pushing and hitting the female, his mother Judith Rubes. Ptl. Vecchio stood between David and Judith, walking Judith away from the argument. As Ptl. Coy and myself attempted to pull David away, David turned around on Ptl. Coy and attempted to push Ptl. Coy away.

At this time Ptl. Coy and myself took David down to the ground and secured him from any further actions. As Ptl. Coy and myself were trying to place hand cuffs on David, Judith began coming at Ptl. Coy and myself while we were on the ground.

Ptl. Vecchio was holding Judith back, but Judith kept trying to lunge at Ptl. Coy and myself. At this time Ptl. Vecchio took Judith down to the ground and secured her on the ground.

David was escorted over to the cruiser and placed in the back seat by Ptl. Coy and myself. Ptl. Coy and myself then returned back to the scene to help Ptl. Vecchio with Judith and the remaining bystanders. After seeing David placed in the cruiser more family members began to come out on the front lawn asking why we were arresting David. I explained to the family David was being arrested for Domestic Violence, losing his daughter does not give him the right to hit and push his mother Judith.

At this time Ptl. Vecchio ordered me to take David to jail. David was transported to Portage County Justice Center where he was booked on domestic violence charges.

Reporting Officer  _Ptl. Tyler Lohr  438_    Date _06/15/2017_

Supervisor  _____    Date _____

Report Entered By  _____    Date _____

Final Approval  _C A Wilmot_    Date _6/16/17_

# Ravenna City
# Police Department

Ravenna City
Police Department
220 Park Way
Ravenna, OH 44266
Phone:  (330)296-6486
Fax:     (330)296-4561

## Investigative Report Supplement

**Date** 06/16/2017     **Reporting Officer**   434   Chris        Coy                **Incident #**   2171660056

**Call Type**  DOMESTIC

Myself, Ptl. Vecchio, and Ptl. Lohr were dispatched to 1209 S. Diamond St. regarding a complaint of approximately eight subjects fighting.  Upon our arrival, I observed approximately five subjects on the sidewalk and yard area.  I observed two subjects yelling at each other, later identified as David Rubes and his mother Judith Rubes.

During this time, I observed David push Judith several times while attempting to hit her approximately 5-6 times with his palms open.  Officers yelled at David and Judith to stop fighting and both ignored officers verbal commands to do so.  It appeared Judith had previously been attempting to calm David prior to him pushing her.  Myself and Ptl. Lohr grabbed a hold of David while he was attempting to pull away from officers.  Myself and Ptl. Lohr took David to the ground and gained control of both his arms, placing him in handcuffs.  Prior to getting David's hands free to place in cuffs as he was laying on them, Judith was yelling and attempting to get officers away from David.  Other subjects were advised to stay back and kept coming closer, disregarding officers verbal commands.  I heard Ptl. Vecchio warn Judith numerous times to back up and she continued ignoring him while attempting to get to David and officers who were attempting to gain control of him.  While on the ground with David, I partially observed Judith attempting to push Ptl. Vecchio out of the way.  Shortly after, Ptl. Vecchio took Judith to the ground as she was persistent in getting past him.  While arresting David, he started crying while on the ground advising he lost his daughter only days prior saying she was hit by a vehicle and murdered, see CFS #2171650017

Shortly after, another female walked up yelling and cursing at officers.  The female was identified as Kim O'neal.  Kim advised David was her husband and they were upset as they lost their daughter who was murdered.  Kim was warned many times for obstruction and disorderly conduct.  Eventually other family members got her to go back to her residence located at 1217 S. Diamond St.

Both David and Judith appeared very intoxicated which was confirmed by several family members present.  David was arrested for Domestic Violence and was placed into the back of P5.  David was transported to the Portage County Justice Center by Ptl. Lohr.   A squad was dispatched for Judith as she advised Ptl. Vecchio she couldn't feel her right arm.

While taking David to the ground, I injured my right ring finger.

**Reporting Officer**  _Ptl Coy #434_                **Date**  _6/16/2017_

**Supervisor**  _____            **Date**  _____

**Report Entered By**  _____      **Date**  _____

**Final Approval**  _C.A. DeLaine #417_              **Date**  _6/16/17_

# Ravenna City
# Police Department

Ravenna City
Police Department
220 Park Way
Ravenna, OH 44266
Phone:  (330)296-6486
Fax:    (330)296-4561

## Investigative Report Supplement

Date  06/16/2017        Reporting Officer        435    Andrew      Wert        Incident #    2171660056

Call Type  DOMESTIC

On 6/15/17, I responded to 1217 S. Diamond St. to assist afternoon shift with a fight.  Upon arrival, I was asked to speak with a witness who lived at 1205 S. Diamond St. who observed what took place.  I spoke with Richard Haas who advised he was watching tv in his basement when he heard some yelling from a male.  Richard stated he looked out the window and saw a male in the middle of the road yelling "why are they stopping for me and not my daughter?"  Richard stated it looked and sounded like the male was trying to commit suicide.

Richard stated a female who was the mother of the male was trying to calm him down and it seemed to be working.  Richard stated another female came from the house who was his sister yelling "I called the police."  The male replied "fuck you bitch" and "are you kidding me."  Richard stated the male started to fight with his mother and that is when the police arrived.

Richard stated he observed officers trying to calm the mother and son down.  Richard stated the mother wouldn't calm down and grabbed one of the officer's.  Richard stated he saw the mother and son taken to the ground.  Richard stated after they were on the ground they calmed down.  Richard completed a written statement and it was attached to this report.

Reporting Officer  _PH. A. Wert   435_          Date  _6-16-17_

Supervisor  _____          Date  _____

Report Entered By  _____          Date  _____

Final Approval  _C. d. Dilingt  #415_          Date  _6/16/17_



# Ravenna City
# Police Department

Ravenna City
Police Department
220 Park Way
Ravenna, OH 44266
Phone: (330)296-6486
Fax:    (330)296-4561

## Incident Report       Incident #:    2171660056       Report Date:       **Thursday, June 15, 2017**

### Incident Information

| | | | |
|---|---|---|---|
| Call Type: | **DOMESTIC** | | |
| Location: | 1213 S Diamond St | RAVENNA | Zone: Ward 3 |
| Occurred Between: | 06/15/2017    22:52:00    And    06/15/2017    22:52:00 | | |
| Supervisor: | 421 Ben Vecchio | Unit on Scene: | Lohr |
| Officer Report: | 421 Ben Vecchio | Officer Assigned: | 421 Ben Vecchio |
| Boards: D, C or J: | | Copies To: | |
| Approved By: | | Approved Date: | |
| Clearance Code: | J   - CLOSED | | |

### Dispatch Times

| Received:    22:52 | Dispatched:    22:53 | Arrived:    22:56 | Cleared:    23:27 | Total:    0:34 |
|---|---|---|---|---|

### Charge Information

| Charge | ORC | Court Date |
|---|---|---|
| Domestic Violence - knowingly cause physical harm  M1 | 2919.25A | |
| Obstructing Official Business  M2 | 2921.31 | |

### Incident Names

| Entry Type | | | DOB | |
|---|---|---|---|---|
| **ARA** | Name: | RUBES, JUDITH A | DOB: | 01/18/1967 |
| | Address: | 9882 BAYBERRY LN        GarretTSVILLE, OH  44231 | Phone1: | |
| | Sex: Fem | Race: White  Hgt:    5    10  Wgt:  170  Hair:  BRO  Eyes:  BRO | Phone2: | |
| **ARA** | Name: | RUBES, DAVID R | DOB: | 02/25/1986 |
| | Address: | 1217 S Diamond St        RAVENNA, OH  44266 | Phone1: | (330) 601-5790 |
| | Sex: Male | Race: White  Hgt:    6    1  Wgt:  150  Hair:  BRO  Eyes:  BRO | Phone2: | |
| **COM** | Name: | RYNEARSON, STEVEN | DOB: | 01/01/1900 |
| | Address: | | Phone1: | (330)703-3270 |
| | Sex: | Race:    Hgt: | Wgt:    Hair:    Eyes: | Phone2: | |
| **SUB** | Name: | RUBES, CRYSTAL M | DOB: | 08/14/1991 |
| | Address: | 23808 E OAKLAND RD        Bay Village, OH  44140 | Phone1: | |
| | Sex: Fem | Race:    Hgt:    5    3  Wgt:  110  Hair:  BRO  Eyes:  BRO | Phone2: | |
| **SUB** | Name: | FUNK, KEVIN A | DOB: | 09/18/1986 |
| | Address: | 3022 STATE ROUTE 59 A7        RAVENNA, OH  44266 | Phone1: | (440)454-9263 |
| | Sex: Male | Race: WHI  Hgt:    5    7  Wgt:  210  Hair:  BRO  Eyes:  BLU | Phone2: | |
| **SUB** | Name: | GODFREY, RICHARD I | DOB: | 03/05/1935 |
| | Address: | 10643 KINSMAN RD        NEWBURY, OH  44065 | Phone1: | |
| | Sex: Male | Race:    Hgt:    5    8  Wgt:  155  Hair:  GRY  Eyes:  BLU | Phone2: | |
| **WIT** | Name: | HAAS, RICHARD CRAIG | DOB: | 09/16/1997 |
| | Address: | 1205 S DIAMOND ST        Ravenna, OH  44266 | Phone1: | (330) 296-6943 |
| | Sex: Male | Race: Unk  Hgt:    5    10  Wgt:  125  Hair:  BRO  Eyes:  BLU | Phone2: | |



# Ravenna City
# Police Department

Ravenna City
Police Department
220 Park Way
Ravenna, OH 44266
Phone:  (330)296-6486
Fax:     (330)296-4561

## Incident Report

Incident #:   **2171660056**

Report Date:   **Thursday, June 15, 2017**

Narrative Report

We responded to the listed location for the report of a fight between several subjects.

Report By: _____          Date: _____

Supervisor: _____          Date: _____

Entered By: _____          Date: _____

Approved By: _____          Date: _____